UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff<br><br>     -against-<br><br>BRANDON BECKER and STEVEN BREIER,<br><br>          Defendants. | 19 Cr. 00704 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Brandon Becker's motion for massive discovery from the Government.  (See dkt. no. 33.)  As will be set out below, most of the Rule 16 discovery has already been made, and the Government continues to work with the Defense in ironing out the technical kinks.  Several other requests are premature.  Finally, Defendant poses over 200 specific requests, similar to civil interrogatories, and requests that the Government create numerous indexes and the like for his convenience.  For the reasons set out below, the motion for discovery is denied.

  I.  Background

    As set out in the lengthy and detailed Indictment, Becker and Co-defendant, Steven Breier, are charged in four counts with:  1) conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. Section 1349; 2) conspiracy to make false

1

statements to a bank, in violation of 18 U.S.C. Section 371; 3) wire fraud, in violation of 18 U.S.C. Section 1343; and 4) bank fraud, in violation of 18 U.S.C. Section 1344.  (See Second Superseding Indictment, Oct. 10, 2019, dkt. no. 17 ("Indictment").)

The scheme alleged is that Becker, Breier, and others used a company called CardReady fraudulently to obtain millions of dollars of payment-card processing services for CardReady clients, in particular, a client known as E.M. Systems or EMS. (See Indictment ¶ 1; Gov't's Memorandum of Law in Opp. to Defendant Brandon Becker's Omnibus Discovery Mot., Oct. 2, 2020, dkt. no. 35 ("Gov't Opp"), 3.)  The Defendants are alleged to have devised a scheme to obtain processing for clients who could not open or maintain merchant accounts in their own name, such as telemarketers selling services prohibited by the applicable rules or clients using deceptive selling practices that would result in high chargebacks and eventual cancellation of the merchant account.  (See Indictment ¶ 1; Gov't Opp. at 2-3.)  The Defendants are alleged to have created multiple sham merchant accounts to be used for those clients by submitting falsified merchant applications in the names of various sham companies, headed on paper by recruited "signers," that is, ordinary people who had no actual businesses of their own.  (See Indictment ¶¶ 1, 16-17; Gov't Opp. at 3.)

Mr. Becker filed his motion for discovery on September 2, 2020 (see Motion for Discovery, Sept. 2, 2020, dkt. no. 33 ("Def. Mot."); the Government responded on October 2, 2020 (Gov't Opp.); and Mr. Becker replied on October 23, 2020 (Reply to Opp. to Mot. for Discovery, Oct. 23, 2020, dkt. no. 40 ("Reply")).

II. Discussion

Defendant first argues that the Government should produce discovery in compliance with Rule 16.  The Government states, however, that it has provided all the Rule 16 material "of which it is aware in its possession, and, where such discovery was particularly voluminous, has provided it in a form that is loadable and searchable in a database."  (Gov't Opp. at 9.). When defense counsel encountered problems reading some of the computerized files, the Government provided replacement copies. (Id.)  The Government also notes that each of its productions was accompanied by a detailed cover letter and an index explaining specifically the materials being produced.  (Id.)

More specifically, the Defendant notes that the Government is required to produce Defendant's post-arrest statements (Def. Mot. at 16-19), but the Government has already done so (see Gov't Opp. at 11).  The Government also acknowledges its

obligation to produced reports of examinations and tests and expert reports but states that it does not have any.  (Id.)

Mr. Becker also complains about "deeply nested folders, missing files, and data corruption."  (Def. Mot. at 6.)  Those complaints seem to refer first, to files produced by CardReady in response to a grand jury subpoena, and, second, to files the Government received from the FTC and the Florida office of the FBI, both of which conducted investigations in this matter.  As to the first, the Government can hardly be faulted for issues with material produced by others.  Nevertheless, it has produced the material twice in a bates-stamped, loadable database export of those files and is prepared to produce the original files in non-processed form.  (Gov't Opp. at 11-12.)  More than that cannot be asked for.

Second, the Government produced files from the FTC's related investigation and from the Florida office of the FBI, but defense counsel had trouble opening some of them and requested additional metadata to facilitate loading the documents on a database.  (Id. at 10-11.)  The Government produced a replacement database export file which contained the additional fields requested by the defense.  (Id. at 11.)  More recently, the Government made a second production, and the defense had trouble opening the production.  (Id.)  As before,

4

the Government produced a duplicate of the production.  (Id.)
Again, more than that cannot be required.  In any event, the
Government cannot produce what it does not have.  United States
v. Shaw, No. 16 Cr. 642 (RJS), 2017 WL 11501885 at *3 (S.D.N.Y.
Feb. 13, 2017).  Accordingly, Defendant's request for Rule 16
discovery is denied.

Next, the Defendant lodges some 203 "case specific
discovery requests," akin to civil-style interrogatories or
requests for a bill of particulars in a criminal case.  (See
Def. Mot. at 33-68.)  However construed, Defendant is not
entitled to this massive discovery.  If construed as civil-style
interrogatories, there is no legal basis for a defendant's
requiring the Government to explain, for example, the operation
of the Defendant's own company and its contractual counter
parties, (see id. at 36 (Request 117) ("Who was responsible for
targeting and setting up merchant accounts"), the
responsibilities and actions of the Defendant's employees and
other witnesses, (see id. at 56 (Request 135) ("What actions, if
any, did Berland take upon learning of consumer complaints and
excessive chargebacks?"); id. at 37-38 (Request 25) ("What was
Steven Breier's role in setting up the merchant accounts?")),
the status of other individuals or entities in the Government's
investigation, (id. at 45 (Request 67) ("Have EM Systems or
Steven Short been charged with criminal activity?")), and the

5

Government's theory of the case and the manner in which it may prove its allegations, (id. at 42 (Request 48) ("Does the government allege Brandon Becker or CardReady was aware that EM Systems was allegedly using merchant accounts to commit credit card laundering whereby credit card transactions with EM Systems appeared to come from separately owned merchant accounts?")).

If construed as a request for a bill of particulars, Defendant is also not entitled to this discovery.  As the Court of Appeals has made clear, the proper scope of a bill of particulars is to provide a defendant with sufficient information about the nature of the charges to enable him or her to prepare for trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense.  See, e.g., United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Sindone, No. 01 Cr. 517 (MBM), 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002)("[A] bill of particulars was not created to help the defendant investigate the charges in the indictment.  Rather it is designed to avoid unfair surprise to the defendant at trial, and to permit a defendant to invoke the defense of double jeopardy.  Those are the only legitimate purposes of a bill of particulars.").  "Acquisition of evidentiary detail is not the function of the bill of particulars[,]" and a bill of particulars "should be required only where the charges of the indictment are so general they do

6

not advise the defendant of the specific acts of which he is accused." Torres, 901 F.2d at 234 (citations and internal quotation marks omitted).  Here, the indictment is highly detailed, setting out how the scheme alleged operated, and the Government has produced millions of pages of documents, including email correspondence, files, and documents from CardReady's own server, as well as documents provided to the prosecution team by the FTC and the FBI's office in Florida.  While the various types of information sought by Defendant might be useful to him in preparing a defense, it is not necessary (or has already been produced).  See e.g., United States v. Strawberry, 892 F. Supp. 519, 526 (S.D.N.Y. 1995) ("That the requested information would be useful to the defendant is not enough; if the defendant has been given adequate notice of the charges against him, the Government need not be required to disclose additional details about its case.").  Accordingly, the request for "case specific discovery requests" is denied.

Defendant acknowledges that the Government has produced an index to its discovery production (Def. Mot. at 10), and, indeed, that he "has no reason to believe that the government has not been trying to provide the defense with usable copies of the discovery," (Reply at 3).  Nevertheless, the Defendant asks that the Government be compelled to create a variety of additional guides to the discovery.  He states that the defense

7

has been "hampered in its ability to focus on the most salient, material and relevant parts of the discovery" because "the way that files appear in a database lacks the human element of categorizing and sorting data in a topical form that identifies its relevance and relationship to other evidence." (Id. at 2). For example, the Defendant asserts that "the government also has to have some way of indexing the documents it has found so it can find them again" and then says that "the defendant would like to have such an index copied to him." (Def. Mot. at 10.) Whether the Defendant "would like" the Government's index, if one exists, is not the test. The Defendant also asks the Government to produce certain financial schedules, such as ones itemizing "the commissions and fees charged by Steven Breier for the businesses he recruited on behalf of CardReady." (Def. Mot. at 37 (Request 21).) Whether the Defendant would like to have the Government produce financial schedules is also not the test. The law is clear that Rule 16 "does not require the government to create documents that might provide information a defendant desires to obtain." See e.g., United States v. Mahon, No. 09 Cr. 712 (PHX)(DGC), 2011 WL 5006737, at *3 (D. Ariz. Oct. 20, 2011). Accordingly, the Defendant's request that the Government produce certain indices and financial schedules is denied.

Finally, the Defendant asks for early notice of various items the Government is obliged to produce closer to trial,

e.g., witness lists, Jencks and Giglio material, co-conspirator statements, and Rule 404(b) material (see Def. Mot. at 30; 74-77.)  He also asks for Brady material and the Government's understanding of the operation of the Sentencing Guidelines in this case.  (Id. at 77-78.)  In his reply, he essentially says he really would like the material early.  (See e.g., Reply at 8 ("Providing the defendant with witness statements will also help in preparing for trial.")

As to the former group, Defendant has not shown any particularized need for the material in advance of the usual production dates.  As to Brady material, the Government acknowledges its obligation and will produce such material, if any, when it comes into possession of it.

As to the operation of the Guidelines, this is not a discovery item.  Nevertheless, the Government has stated that it will provide the usual Pimentel letter to defense counsel in connection with any discussions toward a pre-trial resolution.  Accordingly, these requests are denied as well.

III. Conclusion

For the reasons set out above, Defendant's discovery motion (dkt. no. 33) is denied.  A pretrial conference has been set for December 2, 2020 at 10:00 am.`

**SO ORDERED.**

Dated:    New York, New York
          November 4, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge