

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 20, 2024

**By ECF**

Hon. Loretta A. Preska
United States District Judge
Unite States Courthouse
500 Pearl Street
New York, New York 10007

Re: <b><i>United States v. Becker</i>, S3 19 Cr. 704 (LAP)</b>

Dear Judge Preska:

The Government writes in response to the defendant's June 18, 2024 letter, which sought a conference to be scheduled regarding the appropriate method of location monitoring, or in the alternative to remove the location monitoring condition altogether.

The Government has no objection to scheduling another conference with the presence of pretrial services officers, should the Court find that to be appropriate, but respectfully submits that the Court has now been furnished with sufficient information by pretrial services to resolve this dispute and order that location monitoring be conducted via GPS.  Pretrial services officers in the Southern District of New York ("SDNY") and Central District of California ("CDCA") have *both* have confirmed that SmartLINK is not an appropriate substitute for GPS location monitoring technology in Mr. Becker's case.  As set forth by SDNY Pretrial Officer Lettieri:

> As discussed during our phone call, SDNY does not believe SmartLINK is a viable location monitoring technology because it does not allow continuous monitoring among other issues. I spoke with the officer in CDCA (cc'd) who informed their office does offer this technology but only for extraordinary circumstances, such as a medical condition preventing the installation of an ankle monitor, considering the limitations of the technology. We both believe it's not appropriate in Mr. Becker's case.
>
> Pretrial Services' position is the curfew (hours of 11:00 pm to 7:00 am set by the Court) should be enforced with a GPS ankle monitor. We do not see another effective way to enforce the curfew. Per today's modification, the defendant could travel outside of the CDCA for business with advanced approval from his officer. The curfew would still be in effect during these trips.

Notably, these facts are at odds with defense counsel's suggestion to the Court at the last hearing that the CDCA "recommended" SmartLINK.  *See* June 12, 2024 Tr. at 6-7 (attached as Exhibit A).[1]   Further, it is now clear that CDCA does *not* regularly use SmartLINK, except for

---

[1] DEFENSE COUNSEL: So my understanding is that previously, the Central District of California — and I'm just grabbing the name of it — had recommended the use of maybe SmartLINK, I believe it's called, and I am just getting the name of it. It's a method they use that

"extraordinary circumstances" not present here, such as when medical conditions prevent the defendant from wearing a bracelet.

The Government conferred with the CDCA pretrial services officer monitoring the defendant, PO Joslyn Harris, regarding the SmartLINK technology used in CDCA. The Government has learned that while a GPS bracelet sends a continuous live feed of where the defendant is located, without the need for manual intervention, the SmartLINK phone application requires a pretrial services officer to manually ping the defendant's phone at certain times during curfew, which then prompts the defendant to log in and confirm his location. That location information is merely a snapshot in time of where the defendant was at the time of the manual check-in, and requires resource-intensive effort by pretrial services to monitor throughout each day and night.

Problematically, the SmartLINK application *does not* show where the defendant's phone is at all times, only during the manual check-ins. The Government has learned from PO Harris that, in those extraordinary instances where SmartLINK has been used to monitor defendants on curfew, the system has at times been bypassed by offenders. Specifically, because there is no continuous feed, there have been discovered instances where defendants check in, violate curfew, and return before the next check-in. Such violations (not detected by SmartLINK's snapshots) would be immediately detected by GPS monitoring, however.

The defendant is indisputably physically capable of being monitored by GPS, and his opposition to wearing a bracelet is based solely on the speculative concern that some future work conferences that he might attend, might have security, who might see his bracelet, and then might to decide not to admit him. As previously noted, to the extent the defendant is precluded from any particular conference as a result of the fact that he is facing federal felony charges, that is a natural consequence of the Indictment returned by the Grand Jury – not the technology that monitors him. The Government has learned that in PO Harris's experience monitoring working defendants with GPS, she has never come across the hypothetical work attendance problem articulated by the defendant here. Indeed, countless defendants on supervised release in CDCA and SDNY are routinely monitored by ankle bracelet technology notwithstanding their work obligations.

---

is a phone application that gives realtime location monitoring. I believe that had been rejected by the Southern District, but California is the monitoring district, and if it's a method that they use, and is approved by the court and by pretrial, I don't think the Southern District's position, if it is still their position, that they don't recognize that use of that application as a form of monitoring should be a barrier, because California is the district that monitors him. And we'd be happy to make Mr. Becker available or conference with pretrial in the Central District of California to better understand the practical implications of it and if it's a viable alternative.

June 12, 2024 Tr. at 6-7.

Given the defendant's risk of flight, ties to Germany, historical access to significant assets he sent abroad, and recent instance of improper witness contact, he should be monitored by GPS.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By: _/s/_____
VLADISLAV VAINBERG
Assistant United States Attorney
(212) 637-1029

cc: All parties (by ECF)
    Pretrial Services Office
    Southern District of New York, attn. Jonathan Lettieri (via e-mail)
    Central District of Califonira, attn. Joslyn Harris (via e-mail)