

Louis V. Fasulo, Esq. - NY & NJ
Michael E. Giordano, Esq. – NY & NJ
Charles DiMaggio, Esq. – NY

www.fgdmlaw.com

July 5, 2024

**Via ECF**
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Becker*, S2 19 Cr. 704 (LAP)

Dear Judge Preska,

I write in reply to the Government's response on issue of electronic monitoring, which scheduled to be conferenced with the Court on July 8, 2024.

First, the Government argues that SmartLink is not viable because the CDCA only uses in extraordinary circumstances, and that it does not provide "real-time" location monitoring. Even if SmartLink is generally only used in particular circumstances, this doesn't preclude the use of SmartLink as an alternative. The technology is surely available, and, based on my conversation with PTS CDCA, it could be employed if Ordered by this Court.

With regard to the lack of "real-time" monitoring, it is undisputed that Mr. Becker has complied with all conditions of release for the past five years, but for the communication with a potential witness (which was at the direction of his prior counsel). He still would be required to notify PTS of any out-of-district travel business travel, and would be subject to bail revocation if he violated any conditions of release. To this end, Mr. Becker traveled to New York on January 24, 2023 for approximately ten days and was expressly instructed to leave his base location monitoring unit at home in California. PTS did not know his whereabouts for the entirety of the trip, and clearly trusted Mr. Becker to accurately report his location. Furthermore, in approximately March 2023, it appears there was a technological glitch with the electronic monitoring equipment whereby PTS was unable to verify whether Mr. Becker was home before curfew. Mr. Becker received a text message from PTS Officer Hooks and shared his location with her via his iPhone, which confirmed that he was, in fact, at home. Mr. Becker also offered to use FaceTime to confirm his location. A copy of the text message exchange is annexed hereto as Exhibit A. [1]

---

[1] Exhibit A also contains several other examples of Mr. Becker's prompt communication with PTS, among many others.

225 Broadway, Suite 715
New York, New York 10007
Tel (212) 566 – 6213
Fax (212) 566 – 8165

505 Eighth Avenue, Suite 300
New York, New York 10018
Tel (212) 967-0352
Fax (201) 596-2724

Page 1 of 3

That other defendants in the past have checked-in via SmartLink, then violated curfew, then returned back home before the next check-in is not specifically relevant to Mr. Becker, as he has complied with all terms of his release as it relates to location monitoring for many years. Therefore, Mr. Becker has proved his ability to strictly comply with all location monitoring conditions and directives.

Second, SDNY PTS proposes continuing GPS location monitoring because they "do not see another effective way to enforce the curfew." Gov. Ltr. at 1 (quoting an SDNY PTS email). Pretrial's suggestion here ignores alternative forms of location monitoring that already exist by way of cellphone tracking, voice recognition voicemail, and standard "check-ins" phone calls with PTS.[2] Mr. Becker could also regularly submit time and location verified photographs, as well as using FaceTime or submitting location verifying video recordings. He could also continuously share his location via his iPhone and Apple AirTag with his supervising officer when he is traveling (a technology that has been used in the past).

The Government argues against the use of alternative forms of location monitoring citing the additional resources required by PTS to monitor his location. What the Government ignores is that Mr. Becker is currently required to send PTS his daily schedule four days in advance. PTS is then required to review and approve each of his daily movements in a given day, in addition to tracking his location via GPS (which has proved to fail in the past, requiring additional verification and resources). Requiring Mr. Becker to leave intermittent voice recognition voicemails (as noted in note 1) cannot be said to expend more resources than are currently being expended.

Third, the Government argues that the security access issues proffered by the defense are merely speculative. Gov. Ltr. at 2. Annexed hereto at Exhibit B is an email from Penn Arthur, the CEO of Immersicom and Mr. Becker's prospective employer, dated July 3, 2024. A review of this email reveals that the security access issues raised are more than merely speculative. According to Mr. Arthur's email, Mr. Becker cannot gain entry to certain conferences and facilities if required to wear an ankle monitor, and, even where he could, the employer believes it may reflect negatively upon the company. Thus, it appears that Mr. Becker may not secure this employment opportunity if GPS location monitoring is continued.

Finally, the Government argues in a single closing sentence that Mr. Becker poses a risk of flight by way of his "ties to Germany, historical access to significant assets he sent abroad, and recent instance of improper witness contact." Gov. Ltr. at 3. Each of those arguments were specifically addressed in the defense's June 11, 2024 letter [ECF Doc. No. 216]. The Government has not refuted any of those arguments, nor does it offer anything new today. As such, the Governments unsubstantiated arguments on these points are without merit.

---

[2] United States Courts, Federal Location Monitoring, available at https://www.uscourts.gov/services-forms/probation-and-pretrial-services/supervision/federal-location-monitoring ("Voice recognition requires participants to periodically check in by telephone, leaving a message that can be checked against a voice "fingerprint" to verify their whereabouts")

      For the reasons herein, the defense respectfully requests this Court consider the removal of the location monitoring condition. Alternatively, it is requested that the Court Order any of the alternative forms of monitoring available.

      I thank the Court for its consideration.

      Respectfully submitted,

Michael Giordano, Esq.
Fasulo Giordano & DiMaggio, LLP
Counsel for Brandon Becker

To:    All parties (via ECF only)