UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>-against-<br><br>Brandon Becker,<br><br>                    Defendant. | No. 1:19-CR-704-LAP-1<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Brandon Becker's request for a change-of-counsel conference to substitute Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") for current CJA counsel. (Dkt. no. 232.) The Government opposes. (See dkt. no. 233.)

**I.  Background**

    Trial is scheduled to commence in six weeks. Mr. Becker was charged nearly five years ago in connection with his alleged participation in a scheme from 2012. (See dkt. no. 1.) Since 2019, Mr. Becker has cycled through five sets of counsel—two retained and three appointed. Most recently, on November 6, 2023, the Court appointed Mr. Becker's fifth counsel (Mr. Louis Fasulo) and adjourned trial to September 30, 2024 to permit Mr. Fasulo time to prepare. (Dkt. no. 189 at 58-61.) Mr. Fasulo is joined in his representation of Mr. Becker by other experienced counsel, Bobbi Sternhheim and Michael Giordano. (See dkt. nos. 202, 206.)

On December 7, 2023, the Court set the following pretrial deadlines:

- <u>August 14, 2024</u>:  Deadline to submit any additional motions <u>in limine</u>, including motions under Rule 404(b).
- <u>August 23, 2024</u>:  Deadline to submit any additional responses to motions <u>in limine</u>.
- <u>August 30, 2024</u>:  Deadline to submit any additional replies to motions <u>in limine</u> and to begin rolling production of 3500 material.
- <u>September 13, 2024</u>:  Deadline for the Government to provide proposed requests to charge to the defense.
- <u>September 16, 2024</u>:  Deadline to begin rolling production of trial exhibits.
- <u>September 20, 2024</u>:  Deadline to submit proposed <u>voir dire</u> and proposed requests to charge.
- <u>September 23, 2024</u>:  Deadline to complete production of identified 3500 material and trial exhibits.

(Dkt. no. 195.)

On August 14, 2024, the deadline to file any additional motions <u>in limine</u>, Quinn Emanuel filed notices of appearance on the docket and informed the Court, by letter, of its recent retention and request for a change-of-counsel conference.  (Dkt. nos. 230-32.)  According to Quinn Emanuel, Mr. Becker has experienced "significant difficulty communicating with current counsel in regards to his case."  (Dkt. no. 235 at 1-2.)

If substituted, Quinn Emanuel intends to move for a further adjournment of trial until February or March 2025 to permit for time to prepare.  (<u>See</u> <u>id.</u> at 2.)

2

**II. Discussion**

Although a criminal defendant has a Sixth Amendment right to counsel of his choice, he does not, absent a conflict of interest, have "the unfettered right to retain new counsel . . . ." United States v. Brumer, 528 F.3d 157, 160 (2d Cir. 2008) (quoting United States v. Paone, 782 F.2d 386, 392 (2d Cir. 1986) (citations omitted)). A trial court is afforded "wide latitude" to balance a criminal defendant's right to counsel of choice against the needs of fairness and the court's own calendar. See United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) (citations omitted). In this Circuit, courts weigh, among other considerations, "the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice." Paone, 782 F.2d at 392. Delay is generally "a valid reason to deny a motion to substitute counsel." Brumer, 528 F.3d at 161; see also United States v. Llanes, 374 F.2d 712, 717 (2d Cir. 1967) ("We and other courts of appeal have repeatedly made clear that the right to counsel 'cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.' Judges must be vigilant that requests for appointment of a new attorney . . . should not become a vehicle for achieving delay." (internal citations omitted)).

The reasoning in Brumer is particularly instructive. There, the district court, in denying formal substitution of counsel but

3

permitting counsel of choice to join in the representation, reasoned that "without [the] involvement of previous counsel, a new lawyer would seek to extend the briefing schedule and would repeat arguments previously heard and rejected." See Brumer, 528 F.3d at 161.  The Court of Appeals, in affirming, concluded that the district court had "properly weighed the delay and inefficiency that might ensue and disallowed formal substitution, while permitting new counsel to participate in the proceedings."  See id. 160-61.

This case presents similar considerations.  Mr. Becker was charged nearly five years ago in connection with an alleged scheme from 2012.  The carousel of new counsel has produced lengthy adjournments, required the Government to reproduce discovery to new counsel on multiple occasions, and resulted in the repetition of arguments previously heard and rejected by the Court. Additionally, as the Government observes, "[m]emories fade[,]" and "[w]itnesses become unavailable."  (Dkt. no. 233 at 3.)  One of the Government's cooperating witnesses has even died.  (Id.)  The Court cannot overlook the prejudice that would result to the Government if Mr. Becker were permitted a fifth change of counsel and a further adjournment of five to six months.

At the same time, the communication issue reported by Mr. Becker is easily remedied by permitting Quinn Emanuel to join in the representation of Mr. Becker.  Accordingly, Quinn Emanuel

4

may join current counsel for Mr. Becker provided that its participation in these proceedings does not result in further adjournments of trial or the pretrial deadlines.

### III. Conclusion

For the foregoing reasons, Mr. Becker's request for a change-of-counsel conference, (dkt. no. 232), is denied.

**SO ORDERED.**

Dated:     August 16, 2024
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge