UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
:
UNITED STATES OF AMERICA
:     **CONSENT PRELIMINARY ORDER**
- v. -                              **OF FORFEITURE/**
:     <u>**MONEY JUDGMENT**</u>
BRANDON BECKER,
:     S3 19 Cr. 704 (LAP)
Defendant.
:
------------------------------- x

   WHEREAS, on or about July 8, 2021, BRANDON BECKER (the "Defendant"), and another, was charged in a four-count superseding Indictment, S3 19 Cr. 704 (LAP) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to make false statements to a bank, in violation of Title 18, United States Code, Section 371 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Four);

   WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One through Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offenses charged in Counts One through Four of the Indictment;

   WHEREAS, on or about August 30, 2024, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit

to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), a sum of money equal to $11,405,964 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $11,405,964 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable up to the sum of $8,833,889.69 with co-defendant Steven Short (the "Co-defendant); and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorneys Vladislav Vainberg, and Timothy Capozzi, of counsel, and the Defendant and his counsel, Nina Marino, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $11,405,964 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendant up to the sum of $8,833,889.69, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant,

BRANDON BECKER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 37th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:
MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: _____    3/28/2025
      VLADISLAV VAINBERG                DATE
      TIMOTHY CAPOZZI
      26 Federal Plaza, 37th Floor
      New York, New York 10278
      (212) 637-1029 / 2404

BRANDON BECKER

By: _____    3/31/2025
      BRANDON BECKER                  DATE

By: _____    3/31/25
      NINA MARINO, ESQ.                DATE
      Attorney for Defendant

SO ORDERED:

_____    3/31/25
HONORABLE LORETTA A. PRESKA    DATE
UNITED STATES DISTRICT JUDGE